IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DORALE ELLIS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 13 C 425 ) |
| NEDREA CHANDLER, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Dorale Ellis' (Ellis) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

In July 2003, Ellis was convicted in a jury trial of attempted first-degree murder for putting a gun to the victim's neck and shooting him. Ellis was sentenced to twenty-five years in prison. The Illinois Appellate Court affirmed the conviction on March 31, 2005, and Ellis filed a petition for leave to appeal to the Illinois Supreme Court (PLA), which was denied on September 29, 2005.

On March 10, 2006, Ellis filed a post-conviction petition, and on January 15,

2010 the trial court dismissed the post-conviction petition. Ellis appealed the dismissal and the Illinois Appellate Court affirmed the trial court. Ellis then filed a PLA relating to his post-conviction petition, which was denied on March 28, 2012. On January 17, 2013, Ellis filed the Petition in the instant action.

**LEGAL STANDARD**

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably

2

applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Ellis' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, Ill., 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Ellis asserts in the Petition: (1) that he was denied effective assistance of counsel by his trial counsel (Claim 1), (2) that he was denied effective assistance of counsel by his appellate counsel on direct appeal (Claim 2), and (3) that he was denied effective assistance of counsel by his post-conviction counsel (Claim 3). (Pet. 5-6).

I.  Claims 1 and 2 (Ineffective Assistance by Trial and Appellate Counsel)

Respondent argues that Claims 1 and 2 are procedurally defaulted and that there is no justification to excuse the default.

A.  Procedural Default

Respondent contends that Ellis failed to raise Claims 1 and 2 through one complete round of the state court appellate review process. A district court "cannot

3

review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

As indicated above, Ellis asserts in Claims 1 and 2 that he was denied effective assistance of counsel by trial and appellate counsel on his direct appeal. The record indicates that Ellis did not raise Claims 1 or 2 in his PLA on his direct appeal. Ellis argued in his PLA that he was denied a fair trial because the state was permitted to introduce certain evidence at trial, that certain witnesses were biased and unreliable, and that the victim was the aggressor in the confrontation with Ellis. (R.

4

Ex. 3-6). Ellis did not argue in his PLA that his trial or appellate counsel failed to provide effective assistance of counsel and thus Ellis did not raise Claims 1 and 2 in his PLA on direct appeal. Ellis did raise Claims 1 and 2 in his post-conviction petition. (R Ex. W). However, the record also shows that Ellis subsequently failed to raise Claims 1 and 2 in his appeal and PLA relating to his post-conviction petition. (R Ex. B 1); (R Ex I I-iii). Therefore, Claims 1 and 2 are procedurally defaulted.

The court also notes that even if Claims 1 and 2 were not defaulted, Ellis has done nothing more than second-guess the professional judgment of his trial and appellate counsel in retrospect. The mere fact that Ellis did not prevail at trial or on appeal does not show that such counsel failed to provide effective assistance of counsel. Ellis challenges certain strategic decisions by his trial counsel regarding making objections and making certain arguments. Such matters generally fall within the professional discretion of counsel. *See McElvaney v. Pollard*, 2013 WL 4423669 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland*, 466 U.S. at 689). In the Petition, Ellis has failed to show that his trial or appellate counsel failed to act within the wide scope of reasonable professional assistance of counsel. *See Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or

5

omissions of counsel that he believes constituted ineffective assistance"). Therefore, even if Claims 1 and 2 were not procedurally defaulted, they lack any merit.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 1 and 2. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Ellis has not provided facts showing that he was prevented from presenting Claims 1 or 2 in a manner that would have

6

avoided the procedural default. Ellis has not shown cause and prejudice. Nor has Ellis shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

II. Claim 3 (Ineffective Assistance by Post-Conviction Counsel)

Respondent argues that Claim 3 is not a cognizable claim. As indicated above, in Claim 3, Ellis argues that he was denied effective assistance of counsel by his post-conviction petition counsel. A state prisoner may obtain habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)(stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law"). The Supreme Court has stated that "[t]here is no constitutional right to an attorney in state post-conviction proceedings" and that where there is no such right "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Therefore, Claim 3 is not a cognizable claim for Section 2255 habeas relief. The court also notes that even if Claim 3 was a cognizable claim, Ellis has not shown that his post-conviction counsel failed to provide effective assistance of counsel. Based on the above, the Petition is denied.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must

issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Ellis has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Ellis shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Ellis decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 17, 2013